## Stoever et al. v. Gowen et al.

*Equity — Bill of complaint — Sufficiency — Real property — Covenants— Implied covenants—Streets—Dedication—Vacation.*

Plaintiffs sought, by bill in equity, to enjoin the sale and development of certain real estate in the City of Philadelphia and the vacation or relocation of a street therein, upon the allegation that the contemplated development of the property by the intending purchaser and the proposed changes in the street would, if consummated, be a violation of implied covenants in their deeds. It appeared that the street in question had been dedicated to public use, deeded to the city and accepted by the Board of Surveyors. The plot or plan whereby the plaintiffs sought to establish covenants as to the development of the tract and location of its streets was not referred to in their deeds and had never been recorded. The properties of the plaintiffs did not abut upon the street referred to, and no privity of contract was made to appear as existing between the intending purchasers of the property and the plaintiffs. Upon demurrer: *Held*, that the plaintiffs had failed to show either legal or equitable right to the relief sought; representations made to them to induce them to purchase lots were merged in their deeds; jurisdiction to retain or vacate the street was vested in the city authorities, and was not within the control of the defendants. Demurrer sustained.

Bill and demurrer. C. P. No. 5, Phila. Co., Dec. T., 1922, No. 4363, in Equity.

*James W. Laws, A. F. Daix, Jr., George G. Parry* and *Weil & Blakeley,* for demurrer.

*Edmonds & Obermayer,* contra.

MARTIN, P. J., July 11, 1923.—The bill of complaint filed in this case avers that plaintiffs are owners of certain lots of ground upon which they have erected fine residences, situate on the southeast side of Gowen Avenue, northeast of Ardleigh Street, in the 22nd Ward of the City of Philadelphia; that these lots were part of a large tract of land belonging to the estate of James

3 D. & C.

Gowen, deceased, and were conveyed by the trustees of the estate to complainants or their predecessors in title.

Francis I. Gowen and James E. Hood, two of the defendants, are trustees of the estate of James Gowen, deceased. J. Franklin Moss, a defendant, has agreed to purchase from the Gowen Estate land in the vicinity of the lots owned by complainants. William H. Wilson and J. Harker Chadwick, the other defendants, are real estate brokers who acted as agents for the trustees of the estate of James Gowen, deceased, in effecting the sale to Moss.

It is averred that James Gowen in his lifetime was seized of the land of which the lots owned by complainants were part, and by the terms of his will directed his trustees to sell the property; that they laid out and plotted the tract, divided it into lots, and caused a plan of the lots to be prepared by John H. Dye, surveyor, in December, 1885. The plan was confirmed by the Department of Surveys of the City of Philadelphia on April 19, 1886, having been authorized to revise the lines of this tract by Ordinance of the Select and Common Councils in the City of Philadelphia, approved June 21, 1882. Marked and plotted on this plan was Wadsworth Avenue, a sixty-foot wide street. On Sept. 25, 1888, the trustees of the estate of James Gowen, deceased, conveyed to the City of Philadelphia, by a deed duly recorded, the ground over which Wadsworth Avenue was located, for use as a public street or highway, "and thus dedicated the street to public use." This dedication was accepted by the Board of Surveyors on Oct. 2, 1888. The street was subsequently graded by the trustees and opened for public use. Complainants acquired their titles by conveyances made subsequently to the date of the deed of dedication of Wadsworth Avenue and its acceptance by the Board of Surveyors.

It is averred that defendants have adopted and are about to carry into effect a new plan of development, and that it has been submitted to the Board of Surveyors for approval; that this plan is prepared with the intention of vacating Wadsworth Avenue and the substituting of two other streets, to wit: A new Wadsworth Avenue, partly in line with the present Wadsworth Avenue, and a new street, and that the plan includes the erection of a row of small houses on each side of the new street, to be set back fifteen or twenty feet, and to be constructed at a cost considerably less than the value of the properties of complainants.

It is claimed that the plotting of Wadsworth Avenue upon the original plan prepared by John H. Dye, surveyor, in 1885, was a dedication of the street by the trustees, upon which complainants are entitled to rely; and that the restrictions contained in complainants' deeds, prohibiting any use or occupation which will injuriously affect the health or comfort of the neighborhood or be a nuisance in a closely-settled suburban locality, and the erection of any building within fifty feet from Gowen Avenue, created an implied covenant that Wadsworth Avenue, as then located, would be left open forever, and the development of the entire tract appearing upon the plan would be effected to protect and preserve all the lots in the plan for high-grade residential purposes; that a copy of this plan, as an inducement to purchase the lots, was given to each purchaser by the duly authorized and accredited agents of the estate of James Gowen, deceased, who stated that this represented the accepted and agreed plan of development of the entire tract, and that the development of the tract would be in accordance with the plan, involving not only streets that appeared on the plan, but also other sales to be made with restrictions similar to those contained in the deeds for the properties owned by complainants.

Stoever et al. *v.* Gowen et al.

It is alleged by complainants that the adoption of the proposed new plan will be a breach of covenant and seriously damage their properties by depreciating them in value.

The bill prays for a decree requiring the trustees to record the plan prepared in 1885; for an injunction to restrain the vacation of Wadsworth Avenue or changing its location; to prohibit the development of the land in accordance with the new plan, or in any way except as set forth in the plan of 1885.

Defendants filed demurrers.

Representations made to complainants to induce them to purchase lots were merged in the deeds. There is no reference in any of the deeds to the plan in reliance upon which complainants claim to have made their purchases.

The trustees having dedicated Wadsworth Avenue to the City of Philadelphia, the jurisdiction to retain or vacate the street was vested in the City authorities and is not within the control of the trustees.

Wadsworth Avenue, when dedicated, was lawfully added to the confirmed plan of the City of Philadelphia, and became a public street. It was approved by the Board of Surveyors as to location, width and grades, and extended from street to street as a thoroughfare. None of the lots owned by complainants front upon or are bounded by Wadsworth Avenue.

There is no averment of privity of contract between complainants and J. Franklin Moss, the prospective purchaser from the trustees of James Gowen, deceased, nor between complainants and Wilson & Chadwick, the agents employed by the trustees to effect the sale to Moss.

The bill discloses no legal or equitable right to restrain defendants from the contemplated development and sale of the land belonging to the estate of James Gowen, deceased.

And now, to wit, July 11, 1923, the demurrers are sustained and judgment is entered for defendants.